JUDGE GRIESA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STREAM INTERNATIONAL GLOBAL
SERVICES PHILIPPINES, INC.,

    Petitioner,

v.

PEEK, INC.,

    Respondent.

Case No. 12 CV _____

---

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Stream International Global Services Philippines, Inc. ("Stream"), pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9, 207, submits this petition seeking the confirmation, in its entirety, of an arbitration award in its favor rendered on August 5, 2011 by a duly appointed arbitrator from the International Centre for Dispute Resolution of the American Arbitration Association (hereinafter, the "Award"). The Award is appended as Exhibit A to the accompanying Declaration of Leonard G. Learner ("Learner Declaration), dated April 30, 2012. In support of its Petition, Stream alleges as follows:

### The Parties

1. Stream is a Philippines corporation with a principal place of business at PBCom Tower, 15th Floor, 6795 Ayala Avenue cor. V.A. Rufino Street, Makati City, Philippines. Stream is in the business of providing outsourced, multi-lingual call center services to facilitate product orders and to offer technical product support to clients' customers. Stream is a subsidiary of Stream Global Services, Inc. which, through its subsidiaries and related entities,

provides these services for clients in a variety of businesses, including Internet service providers, software companies, computer hardware manufacturers, wireless and telecommunication providers and others, from approximately fifty locations serving twenty-two countries in thirty-five languages.

2. Respondent Peek, Inc. ("Peek") is a corporation with a principal place of business at 419 Lafayette Street, New York, New York. Peek also maintains two offices in India and three offices in China. Peek is in the business of producing handheld mobile Internet devices and "smart phone" applications that perform email and other functions. Peek then sells these devices and applications to its retail customers.

## Jurisdiction and Venue

3. This Court has original subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, in that the subject matter of this proceeding relates to an arbitration award falling under Article I of the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201, 203.

4. Venue is proper in this District, pursuant to 28 U.S.C. § 1391 and 9 U.SC. § 204, in that Peek maintains a principal place of business in this District, and the arbitration that is the subject of this Petition was conducted in New York, New York.

5. Section 21.2 of the Master Service Agreement between Stream's predecessor and Peek, dated November 10, 2008 (the "Agreement", a copy of which is appended as Exhibit B to the accompanying Learner Declaration), states in pertinent part:

> Any and all . . . disputes or controversies, whether of law or fact and of any nature whatsoever arising from or in connection with this Agreement, including the scope and validity of this Section, shall be decided by binding arbitration in accordance with the rules and regulations of commercial arbitration of the American Arbitration Association . . . . Arbitration shall take place in New York, New York . . . . The decision of the arbitrator will be final and binding upon the

Parties hereto and all persons claiming under and through them; provided, however, that either Party or any such other claiming person may seek the vacating, modification or correction of the arbitrator's decision or award as provided under Section 10 and Section 11 of the Federal Arbitration Act 9 U.S.C. § 1-14 . . . . The losing Party shall be required to pay the reasonable legal fees and costs of the prevailing Party as determined by the arbitrator(s).

6. Section 22.5 of the Agreement states, "This Agreement shall be governed by and construed in accordance with the internal laws (and not the conflict of laws) of the State of New York."

7. Section 22.6 of the Agreement provides that this Court or the courts of the State of New York shall have sole and exclusive jurisdiction over any suit arising from the Agreement. Section 22.6 states in pertinent part:

Each Party irrevocably agrees that any legal action suit or proceeding brought by it in any way arising out of this Agreement must be brought solely and exclusively in the United States District Court for the Southern District of New York or in the state courts of the State of New York and irrevocably accepts and submits to the sole and exclusive jurisdiction of each of the aforesaid courts in personam, generally and unconditionally with respect to any action, suit or proceeding brought by it or against it by the other Party . . . .

### The Arbitration Proceeding

8. On or about January 27, 2011, Stream filed its Demand for Arbitration seeking damages, interest, attorney's fees and arbitration costs. A copy of the Demand for Arbitration, without exhibits, is appended as Exhibit C to the accompanying Learner Declaration.

9. Despite being properly served by certified mail, received on January 31, 2011, Peek failed to file or serve any response of any kind to Stream's Demand for Arbitration. Indeed, throughout the entire history of this matter before the International Centre for Dispute Resolution, Peek failed and refused to respond in any way to any of the procedural orders and other communications from the arbitration case manager concerning telephone conferences,

3

conflicts checks, arbitrator ranking and selection, preliminary hearings or any other aspect of the arbitration.

10. On or about April 13, 2011, the International Centre for Dispute Resolution appointed Eugene I. Farber, Esq. of the White Plains, New York law firm of Farber, Pappalardo & Carbonari, to act as sole Arbitrator.

11. After written notice had been duly sent to Stream and to Peek, the Arbitrator convened a preliminary conference by telephone on May 11, 2011. Peek failed to participate in the telephone conference. After the conclusion of this preliminary conference, the Arbitrator issued Procedural Order Number 1, a copy of which is appended as Exhibit D to the accompanying Learner Declaration. Procedural Order Number 1 ordered, in pertinent part:

> 1. By June 17, 2011 Claimant [Stream] may make a submission in support of its application for an award.
>
> 2. By July 15, 2011 Respondent [Peek] may submit opposition to Claimant's request.
>
> 3. Claimant may submit reply papers by July 29, 2011.

12. On June 17, 2011, pursuant to the Arbitrator's Procedural Order Number 1, Stream served and filed the following documents: (1) Application for Arbitration Award; (2) Memorandum of Law in Support of its Application for Arbitration Award; (3) Affidavit of Michael Montero and exhibits thereto; (4) Affidavit of Leonard G. Learner, Esq.; and (5) a proposed form of arbitration award. A copy of this filing, excluding the exhibits to the Affidavit of Michael Montero, is appended as Exhibit E to the accompanying Learner Declaration.

13. Although the Arbitrator had given Peek the opportunity to file and serve an opposition to Stream's June 17, 2011 submission, Peek failed to do so. On July 25, 2011, the International Centre for Dispute Resolution gave written notice to the parties declaring that the

4

hearings were closed and that it would accept no further submissions for the Arbitrator's consideration. A copy of the July 25, 2011 notice is appended as Exhibit F to the Learner Declaration.

### The Award

14. The Arbitrator issued the Award in writing on August 5, 2011. The Award concludes as follows:

> **Based upon the above, I hereby Award as follows:**
>
> (A) Respondent shall pay to Claimant the principal sum of $182,584.41 plus interest at the rate of 18% per annum from the date each invoice became due and owing through June 30, 2011, in the total amount of $52,328.82, plus continuing interest at the rate of 18% per annum from July 1, 2011 until date of payment.
>
> (B) Respondent shall pay to Claimant attorneys' fees in the amount of $14,000.00.
>
> (C) The administrative fees and expenses of the International Centre for Dispute Resolution ("ICDR") totaling $2,800.00 shall be borne by Respondent, and the compensation and expenses of the arbitrator totaling $3,516.25 shall be borne by Respondent. Therefore, Respondent shall reimburse Claimant the sum of $6,316.25, representing said fees and expenses previously incurred by Claimant.
>
> (D) This award is in full settlement of all claims submitted to this Arbitration.

15. The Award has not been vacated or modified since it was issued. To date, Peek has not complied with the requirements of the Award, and the full amount of the Award remains outstanding, due and owing to Stream.

WHEREFORE, petitioner Stream respectfully request that this Court, pursuant to 9 U.S.C. § 207, enter an order:

1. Confirming the Arbitrator's August 5, 2011 Award against Peek;

2. Granting an order in Stream's favor and in conformity with the Award, including but not limited to the amount of contractual interest awarded in Paragraph A, made current to the

date of this Court's judgment, and the attorney's fees and administrative fees and expenses awarded in Paragraphs B and C of the Award;

3. Awarding Stream its costs and attorney's fees incurred in bringing this Petition; and

4. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

ANDERSON KILL & OLICK, P.C.

By: _John M. O'Connor_
John M. O'Connor (JOC-1298)
1251 Avenue of the Americas
New York, NY 10020-1182
(212) 278-1000
Attorneys for Petitioner Stream
International Global Services Philippines, Inc.

AND

Leonard G. Learner, Esq.
Law Offices of Leonard G. Learner
40 Beverly Road
Wellesley, MA 02481
(781) 237-2060
Co-counsel for Petitioner Stream
International Global Services Philippines, Inc.

Dated: New York, New York
April 30, 2012